**ROUTH CRABTREE OLSEN, P.S.**
3535 FACTORIA BLVD. SE, SUITE 200
BELLEVUE, WA 98006
TELEPHONE (425) 458-2121
FACSIMILE (425) 458-2131

Honorable Judge Philip H. Brandt
Chapter 13
Hearing Location: Seattle
Hearing Date: August 7, 2008
Hearing Time: 9:00 a.m.

# IN THE UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re:<br><br>KAREN D SMITH,<br><br>Debtor | Chapter 13 Bankruptcy<br><br>No.: 08-13473-PHB<br><br>OBJECTION TO CONFIRMATION<br>BY COUNTRYWIDE HOME LOANS, INC. |

COMES NOW Countrywide Home Loans, Inc., its successors in interest and assigns ("Creditor"), and objects to confirmation of the proposed Chapter 13 plan (The "Plan") of Karen D Smith ("Debtor" herein). The basis for this objection is that the Plan does not comply with the provisions of Title 11, Chapter 13 of the United States Bankruptcy Code and thus should not be confirmed by the Court.

## I. BACKGROUND

On or about February 9, 2007, Karen D Smith, executed and delivered a note in favor of Mortgage Electronic Registration Systems, Inc. in the original principal amount of $356,250.00. This Note was secured by a Deed of Trust ('Deed') encumbering real property commonly described as 819 21st Avenue Seattle, WA 98122 ('Property'). Creditor is the holder of the note or services the note for the holder.

On June 5, 2008, Debtor filed for protection under Title 11, chapter 13 of the United States Code under cause number 08-13473-PHB in the above listed court.

Objection to Confirmation
Page - 1

**ROUTH CRABTREE OLSEN, P.S.**
3535 FACTORIA BLVD. SE, SUITE 200
BELLEVUE, WA 98006
TELEPHONE (425) 458-2121 ◆ FACSIMILE (425) 458-2131

Case 08-13473-PHB    Doc 16    Filed 07/31/08    Ent. 07/31/08 19:23:33    Pg. 1 of 3

The outstanding balance due on the Note as of filing is approximately $356,250.00. As of the same date the loan is contractually due for the July 1, 2007 payment. The pre-petition arrears, including payments, late charges, escrow advances and accrued fees and costs are $44,582.76 per Creditor's filed proof of claim. The current ongoing monthly payment is $4,283.43 as of August 1, 2008.

## II. ARGUMENT AND AUTHORITY

Creditor objects to confirmation of the proposed Chapter 13 plan because it is not adequately funded or feasible to cure the loan arrearage owing to Creditor.

Under 11 U.S.C. § 1325(a)(5) the Court shall confirm a plan only if as to each secured claim the claim holder accepts the plan and the plan provides for distribution to that creditor in an amount not less than the value of the allowed secured claim. The Debtor proposes a monthly plan payment of $6,008.00 to fund the Chapter 13 plan. After deducting the trustee's fee estimated at 7%, the ongoing loan payment owing to Creditor in the amount of $4,283.43 (plan provides for $3,458.59) and an automobile loan payment owing to Watermark Credit Union in the amount of $555.00, approximately $749.01 remains for distribution to creditors. The Plan proposes a monthly payment of $235.00 to cure Creditor's arrearage claim. After adding two post-petition loan payments to the pre-petition loan arrearage claim, as is the practice of the Chapter 13 Trustee, Creditor's loan arrearage claim will be $52,324.91. It will take approximately 223 months to cure Creditor's arrearage claim with a payment of $235.00. A monthly payment in the amount of $873.00 is necessary to cure Creditor's loan arrearage claim within the maximum 60 month plan term. There are insufficient funds to cure Creditor's arrearage claim during the life of the plan and the proposed payment is not feasible. Therefore, the Chapter 13 plan is not adequately funded or feasible.

Objection to Confirmation
Page - 2

ROUTH CRABTREE OLSEN, P.S.
3535 FACTORIA BLVD. SE, SUITE 200
BELLEVUE, WA 98006
TELEPHONE (425) 458-2121 ◆ FACSIMILE (425) 458-2131

Case 08-13473-PHB    Doc 16    Filed 07/31/08    Ent. 07/31/08 19:23:33    Pg. 2 of 3

Under 11 U.S.C. § 1325(a)(1) and 1322(b)(2) a plan must provide for the cure of an existing default within a reasonable time and require the maintenance of payments while the case is pending on a secured claim on which the last payment is due after the date on which the final payment under the plan is due. As noted above the proposed Chapter 13 plan will not cure Creditor's pre-petition arrearage claim and therefore cannot be confirmed.

### III. CONCLUSION

For all of the above reasons, the proposed chapter 13 plan fails to comply with the requirements of Title 11 of the United States Code. Therefore, Creditor respectfully requests the Court deny confirmation of the proposed Chapter 13 plan.

DATED July 31, 2008.

**ROUTH CRABTREE OLSEN, P.S.**
Attorneys for Creditor

\_\_/s/ Jennifer Aspaas_____
By: Jennifer Aspaas, WSBA# 26303

Objection to Confirmation
Page - 3

**ROUTH CRABTREE OLSEN, P.S.**
3535 FACTORIA BLVD. SE, SUITE 200
BELLEVUE, WA 98006
TELEPHONE (425) 458-2121 ◆ FACSIMILE (425) 458-2131

Case 08-13473-PHB   Doc 16   Filed 07/31/08   Ent. 07/31/08 19:23:33   Pg. 3 of 3